I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY FIRST CLASS MAIL POSTAGE PREPAID, TO ~~ALL COUNSEL~~ Petitioner ~~(OR PARTIES)~~ AT THEIR RESPECTIVE MOST RECENT ADDRESS OF RECORD IN THIS ACTION ON THIS DATE.

DATED: 7.9.12

DEPUTY CLERK



FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

JUL - 9 2012

CENTRAL DISTRICT OF CALIFORNIA
BY              DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKEY LAMAR ARMENDARIZ, | Case No. EDCV 11-0134-JST (JPR) |
| Petitioner, | |
| vs. | ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE |
| LELAND McEWEN, Warden, | |
| Respondent. | |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, all the records and files of this case, and the Report and Recommendation of the U.S. Magistrate Judge. On June 11, 2012, Petitioner filed Objections to the Magistrate Judge's Report and Recommendation, and the Court has made a de novo determination of those portions of the Report and Recommendation to which objections have been made.

In his Objections, Petitioner primarily repeats the arguments in the Petition and Reply. Three aspects of the Objections merit brief discussion. First, as to Petitioner's Bruton claim, he now seems not to argue that the admission of his codefendant's statements directly or even indirectly implicated him; rather, he claims that because the statements link his

1

codefendant to a plot to try to silence a key witness against both of them, their admission was unduly prejudicial. (Objections at 3-6.) That is not a <u>Bruton</u> claim and may well not implicate the Constitution. In any event, the statements were relevant to explain to the jury why the witness testified at trial inconsistently with her original statements to the police linking Petitioner and his codefendant to the crime, and thus their admission could not have violated due process. See <u>Hovey v. Ayers</u>, 458 F.3d 892, 923 (9th Cir. 2006) (due process not violated as long as jury could draw permissible inference from contested evidence). Second, Petitioner contends that the statement in the Report and Recommendation that the victim had had three separate opportunities the night of the crime to view Petitioner is "inaccurate." (Objections at 7.) Petitioner does not appear to contest that the victim saw whoever the perpetrator was on three separate occasions, however. Rather, he simply contests that he was the perpetrator. But as explained in the Report and Recommendation, sufficient evidence linked him to the crime. (Report & Recommendation at 20-29.) Finally, as noted in the Report and Recommendation, the Petition did not raise a separate claim concerning the constitutional validity of the pretrial identifications but rather simply argued that the suggestive nature of them contributed to the insufficiency of the evidence. (<u>Id.</u> at 27 n.10.) Thus, even though Petitioner now treats that claim as if it were a separate basis for relief (Objections at 13-16), it is not before the Court in that manner.

Having reviewed the Petition, the Court concurs with and accepts the Magistrate Judge's recommendations. IT THEREFORE IS

1  ORDERED that Judgment be entered denying the Petition and
2  dismissing this action with prejudice.
3
4
5  DATED: 7.04.12                    /s/ Josephine Tucker
6                                   JOSEPHINE STATON TUCKER
                                     U.S. DISTRICT JUDGE
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28